| | |
|---|---|
| 1 | COOLEY LLP |
| 2 | MAX A. BERNSTEIN (305722)<br>(mbernstein@cooley.com) |
| 3 | 3 Embarcadero Center, 20th Floor<br>San Francisco, CA  94111-4004 |
| 4 | Telephone:  (415) 693-2000<br>Facsimile:  (415) 693-2222 |
| 5 | COOLEY LLP |
| 6 | TIANA DEMAS<br>(tdemas@cooley.com) |
| 7 | 110 North Wacker Drive, Suite 4200<br>Chicago, Illinois 60606-1511 |
| 8 | Telephone:  (312) 881-6500<br>Facsimile:  (312) 881-6598 |
| 9 | *Attorneys for Defendant*<br>ROBLOX CORPORATION |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JANE DOE, a minor, represented by her proposed court-appointment guardian *ad litem*, MARY DOE,<br><br>Plaintiff,<br><br>v.<br><br>ROBLOX CORPORATION; SNAP INC; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:25-cv-7154<br><br>**DEFENDANT ROBLOX CORPORATION'S NOTICE OF REMOVAL OF ACTION** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ROBLOX CORPORATION'S NOTICE OF
REMOVAL OF ACTION
CASE NO. 2:25-CV-7154

**PLEASE TAKE NOTICE** that Defendant Roblox Corporation ("Roblox") hereby removes the above-entitled action filed by Plaintiff Jane Doe ("Plaintiff") from the Superior Court for the State of California, in and for the County of Los Angeles, to the United States District Court for the Central District of California, Western Division. For the reasons set forth below, this Court has jurisdiction under 28 U.S.C. §§, 1332, 1441 and 1446.

## I. BACKGROUND

1. On July 31, 2025, Plaintiff filed an unverified Complaint for Damages ("Complaint") in the Superior Court for the State of California, in and for the County of Los Angeles, against Defendants Roblox Corporation ("Roblox"), Snap, Inc. ("Snap"), and Does 1 through 50, thereby initiating the civil action ("Action"), identified as Case No. 25STCV22702, *Jane Doe v. Roblox Corporation* ("Complaint"). A copy of the Complaint is attached hereto as Exhibit A.

2. Pursuant to 28 U.S.C. § 1446(a), Roblox Corporation ("Roblox") files with this Notice of Removal ("Notice") a copy of all process, pleadings, and orders filed in the Action. Exhibit B is a copy of the state court civil cover sheet. Exhibit C is a copy of the Proposed Summons. Exhibit D is a Notice to Adverse Parties and State Court of Removal of Civil Action to Federal Court. A copy of the state court Register of Actions in the Action is attached as Exhibit E. Exhibit F is the Alternative Dispute Resolution (ADR) Information Package.

3. Roblox and Snap are the only named defendants and have not been served with a copy of the complaint. A review of the Register of Actions of the Superior Court for the County of Los Angeles indicates that no proofs of service of the summons and complaint on any party has been filed.

## II. REMOVAL IS TIMELY

4. This Notice of Removal ("Notice") is timely filed pursuant to 28 U.S.C. §1446(b), as it is being filed 2nd day after the Complaint was filed with the Superior Court of Los Angeles.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

ROBLOX CORPORATION'S NOTICE OF
REMOVAL OF ACTION
CASE NO. 2:25-CV-7154

5. Because neither Roblox nor Snap have been served to date, the un-served defendants are not required to join this motion. *See* 28 U.S.C. § 1446(b)(2) (all defendants "who have been properly joined and served must join in or consent to the removal of the action").

6. The Complaint asserts eight causes of action: (1) Fraudulent Concealment and Misrepresentation, (2) Negligence – General, (3) Negligence – Failure to Warn, (4) Negligence – Unreasonable Design, (5) Negligent Undertaking, (6) Negligent Undertaking, (7) Strict Liability – Design Defect, and (8) Strict Liability – Failure to Warn. *See* Ex A. Plaintiff's claims are based on her use of the Roblox platforms.

## III. REMOVAL IS PROPER BECAUSE SUBJECT MATTER JURISDICTION EXISTS.

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

8. 28 U.S.C. § 1332(a) grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. This case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice. *See* 28 U.S.C. §§ 1332, 1441, 1446.

### B. Diversity of Citizenship Exists.

9. Plaintiff alleges that she is a citizen of Michigan with a principal place of residence in Cheboygan County. *See* Ex. A ¶ 9. For diversity purposes, a person is a "citizen" of the place in which she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is prima facie evidence of domicile. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Thus, Roblox alleges that Plaintiff is a citizen of Michigan.

10. Roblox is a Nevada corporation with a principal place of business in San Mateo, California. Accordingly, Defendant is deemed a citizen of Nevada and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

ROBLOX CORPORATION'S NOTICE OF
REMOVAL OF ACTION
CASE NO. 2:25-CV-7154

California, which is diverse from Plaintiff's citizenship.

11. Although Plaintiff may argue that 28 U.S.C. § 1441(b)(2) precludes removal because certain of "the parties in interest properly joined and served as defendants [are] citizen[s] of the state in which such action is brought," that argument fails because Roblox, has not been served with the Complaint. *See Country Cas. Ins. Co. v. Hyundai Motor Am.*, No. 8:24-CV-02428-SB-JDE, 2025 WL 242194, at *1 (C.D. Cal. Jan. 16, 2025); *Hong Kong Cont'l Trade Co. Ltd. v. Nat. Balance Pet Foods, Inc.*, No. LACV2200571JAKAFMX, 2023 WL 2664246, at *4 (C.D. Cal. Mar. 28, 2023); *Kornfeind v. Kia Am., Inc.*, No. 8:23-CV-01796-JVS(KESX), 2023 WL 8456111, at *2 (C.D. Cal. Dec. 6, 2023).

### C. The Amount In Controversy Exceeds $75,000.

12. The Complaint's allegations also meet the amount in controversy requirement.

13. To meet the amount in controversy threshold, a notice of removal must include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 700 (9th Cir. 2018) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)). A court may consider various forms of relief sought in the complaint to determine the amount in controversy. *See also Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[T]he amount in controversy may include damages, costs of compliance with injunctions, and attorneys' fees awarded under contract or fee shifting statutes.") (citing *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)).

14. In considering the amount in controversy, what matters is the amount put in controversy by plaintiff's complaint. "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "In measuring the amount in controversy, a court must assume that the allegations of the

complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Id.* (emphasis in original); *accord Deehan v. Amerigas Partners, L.P.*, 2008 WL 4104475, at *2 (S.D. Cal. Sept. 2, 2008); *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, at *3 (E.D. Cal. May 1, 2007). Further, a defendant's burden of proof on removal "is not daunting, as courts recognize that . . . a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *Korn*, 536 F. Supp. 2d at 1204–05 (emphasis in original; internal quotation marks omitted).

15. Plaintiff's complaint seeks a recovery vastly in excess of $75,000. Plaintiff seeks compensatory damages and punitive damages for each of her claims. Ex. A, Section VIII, ¶¶ 1–10.

16. Additionally, in her prayer for relief, Plaintiff seeks to recover: (1) "past, present, and future general damages ... to compensate Plaintiff for injuries sustained as a result of the use of each Defendant's product, including but not limited to physical pain and suffering, mental anguish, loss of enjoyment of life, emotional distress, and expenses for medical treatments;" (2) "[p]ast, present, and future economic and special damages," (3) "[i]mpaired earning capacity," (4) "[m]edical expenses, past and future," (5) "[p]unitive or exemplary damages," (6) "attorneys' fees," (7) "costs of suit," (8) "[p]re-judgment and post-judgment interest as provided by law," and (9) "[f]or non-monetary injunctive relief." Ex. A at Section VIII, ¶¶ 1–10.

17. Without conceding liability, appropriateness of class treatment, appropriateness of Plaintiff's class definition, or the validity of Plaintiff's claim for relief, the face of the Complaint plausibly establishes that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

## IV. VENUE AND ASSIGNMENT

Removal to this judicial district and division is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because the Superior Court action was originally pending in Los Angeles County. This Court is the United States District Court for the "district and division embracing the place where the action was pending." 28 U.S.C. § 1446(a).

## V. NOTICE TO THE SUPERIOR COURT OF LOS ANGELES COUNTY

Roblox will promptly file and serve a true and correct copy of this Notice of Removal and all documents filed in support thereof with Plaintiff and the clerk of the Superior Court of the State of California for the County of Los Angeles, as required by 28 U.S.C. § 1446(d). Roblox reserves the right to amend and/or supplement this Notice of Removal.

Dated: August 2, 2025

COOLEY LLP

By: */s/ Max A. Bernstein*
Max A. Bernstein

Attorneys for Defendant
ROBLOX CORPORATION

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

ROBLOX CORPORATION'S NOTICE OF
REMOVAL OF ACTION
CASE NO. 2:25-CV-7154